UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BWP MEDIA USA, INC. d/b/a PACIFIC COAST
NEWS                                                                    Docket No.: 13-CV-7871-JSR-JCF

                                      Plaintiff,          **[Proposed] FINDINGS OF FACT
                                                                  AND CONCLUSIONS OF LAW**

    -against-

UROPA MEDIA, INC.,

                                      Defendant,
------------------------------------------------------------X

    The issues of this action having been submitted to the Honorable Jed Rakoff and having considered the allegations and proofs of the respective parties, and due deliberation having been had thereon.

    NOW, after reading and considering the papers submitted I do hereby make the following findings of essential facts which I deem established by the evidence and reach the following conclusions of law.

## FINDINGS OF FACT

1. BWP MEDIA USA, INC. d/b/a PACIFIC COAST NEWS, ("Plaintiff") is the Plaintiff in this action and they are represented by Sanders Law P.L.L.C.

2. UROPA MEDIA, Inc. ("Defaulting Defendant') is the Defendant in this action and upon information and belief is not represented by counsel.

3. This is an action seeking damages against the Defaulting Defendant arising from the Defaulting Defendant's unauthorized use if the Plaintiff's photographs on its website located at www.thebosh.com and the infringement of the Plaintiff's copyrights in accordance with 17 U.S.C. § 501 et seq. (*See Complaint*, Dkt. No. 1, ¶4-5).

4. The Complaint in this action was filed on November 5, 2013. On December 16, 2013, a true and correct copy of the Summons, Civil Cover Sheet and Complaint were served upon the Defaulting Defendant via service upon Rema "Doe", whose title is Registered Agent, an authorized agent who is legally able to accept service. (*See* Dkt. No. 3).

5. On December 19, 2013, Proof of Service was filed with the Court. Consequently, an Answer was due from the Defaulting Defendant on or before January 14, 2014. (*See* Dkt. No. 3).

6. The Defaulting Defendant has not answered the Plaintiff's Complaint and the time for Defendant to answer Plaintiff's Complaint has expired.

7. On January 27, 2014, the Honorable Jed S. Rakoff, entered default against Defendant. (*See Order of Honorable Jed S. Rakoff,* Dkt. No. 12).

8. Defendant committed six separate acts of infringement of Plaintiff's Photographs. (*See* Dkt. No.1, Exhibit 1, Infringement Nos. 1, 2, 8, 9, 10 and 11).

9. Plaintiff is entitled to seek three times the amount of the licensing fee, as compensation for damages and as a punishment for Defendant's infringement, and as a deterrent to future infringement by Defendant and others. Plaintiff is seeking to recover statutory damages on Infringement Nos. 1, 2, 8, 9, 10 and 11. (*See* Dkt. No. 1, Exhibit 1). These photographs had U.S. Copyright Registration No. VA0001836330. The photographs at issue had a licensing fee of approximately $1,000.00. (*See Affidavit of Craig B. Sanders,* ¶8).

10. The proper method for calculating statutory attorneys' fees is the "lodestar" method. (*See Affidavit of Craig B. Sanders,* ¶10).

11. Based on education and employment history, Sanders Law, P.L.L.C. shall be awarded attorneys' fees in the amount of $525.00 an hour for the work completed by Craig B. Sanders. (*See Affidavit of Craig B. Sanders,* ¶¶11-14*)*.

12. Sanders Law, P.L.L.C. shall be awarded attorneys' fees in the amount of $400.00 an hour for work completed by Carissa M. Peebles. (*See Affidavit of Craig B. Sanders,* ¶15).

13. Sanders Law, P.L.L.C. shall be awarded attorneys' fees in the amount of $450.00 an hour for work completed by Melissa A. Pirillo. (*See Affidavit of Craig B. Sanders*, ¶16).

14. The costs for this action are comprised of the $400.00 filing fee and $75.00 incurred for service process.

## CONCLUSIONS OF LAW

1. Plaintiff, BWP Media USA, Inc. d/b/a Pacific Coast News owns all right, title and interest to U.S. Copyright Registration No. VA001836330.

2. Defendant engaged in copyright infringement. Defendant's website posted Plaintiff's photographs in violation of 17 U.S.C. § 501.

3. The licensing fee for the photographs of Lindsay Lohan are $1,000.00, and therefore Plaintiff is entitled to $3,000.00 for each act of infringement. (*See Affidavit of Craig B. Sanders*, ¶8).

4. In determining the amount of statutory damages under the Copyright Acts, courts look to see if the amount is calculated to serve the purposes of awarding statutory damages, including compensation for lost profits, punishment of willful conduct, and deterring future infringing activity. *Peer Int'l*, 909 F.2d at 1336 (a guiding principle in setting the amount of statutory damages, particularly in cases of willful infringement, is "to sanction and vindicate the statutory policy of discouraging infringement" even for an "uninjurious and unprofitable invasion of copyright"). A plaintiff may elect statutory damages "regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits." *Columbia Pictures Television, Inc. v. Krypton Broad of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). Accordingly, "the court has wide discretion in determining the amount of statutory damages to be awarded." *Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1101 (N.D. Cal. 2003).

5. Several courts have held statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F.Supp. 2d 1213 (S.D. Fla. 2004); *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F.Supp 2d 161 (S.D.N.Y. 1999), *Phillip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003). Statutory damages further "compensatory and punitive purposes," and help "sanction and vindicate the statutory policy of discouraging infringement." *L.A. News Serv. V. Reuters Television Int'l.*, 149 F.3d 987, 996 (9th Cir. 1998). "The United States Supreme Court has held that merely awarding plaintiffs damages equal to lost profits does not sufficiently deter infringements." *EMI Mills Music, Inc. v. Empress Hotel, Inc.*, 470 F.Supp. 2d 67, 75 (D. Puerto Rico 2006) (*citing F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952)). Thus, a statutory damage award should significantly exceed the amount of the license fee, in order to put infringers on notice that it costs less to adhere to copyright laws than to violate them. *Broadcast Music, Inc. v. Star Amusements, Inc.*, 44 F.3d 485, 488 (7th Cir. 1995).

6. Federal Courts typically award three times the amount of the licensing fee for each infringement. *See Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F.Supp. 656, 660 (S.D.N.Y. 1996) (awarding statutory damages of approximately five times the amount of licensing fee); *Sailor Music v. IML Corp.*, 867 F.Supp. 565, 700 (E.D.Misch. 1994) (awarding three times the amount of licensing fee); *Broadcast Music, Inc. v. Kiflit*, 2012 WL 4717852 (N.D. Cal. 2012) (granting statutory award of three times the amount of licensing fee in order to compensate plaintiff's lost profits and defer defendant's future infringement); *Halnat Pub. Co. v. LAPA, Inc.*, 669 F.Supp. 933 (D.Minn. 1987)

(awarding three times the lost registration fees); *Broadcast Music, Inc. v. Entertainment Complex, Inc.*, 198 F.Supp. 2d 1291 (N.D. Ala. 2002) (awarding approximately three times the amount of unpaid licensing).

7. The proper method for calculating statutory attorneys' fees is the "lodestar" method by which the number of hours reasonably expended in the litigation is multiplied by the prevailing market hourly rate for the services performed. *Blum v. Stevenson*, 465 U.S. 886, 894-896 (1984). This method requires the Court to determine both the number of hours reasonably spent on the case by Plaintiff's counsel and the reasonable hourly rate for counsel and the reasonable hourly rate for counsel based on the private marketplace. (*See Affidavit of Craig B. Sanders*, ¶10).

Based on the foregoing Findings of Fact and Conclusions of Law, the Court enters the following:

ORDER

IT IS ORDERED, ADJUDGED AND DECREED that Default Judgment be entered against the Defendant, Uropa Media, Inc. as follows:

1. Statutory Damages in the amount of $18,000.00 for copyright infringement pursuant to 17 U.S.C. §504(c);
2. Attorneys' fees in the amount of $6,992.50; and
3. Costs in the amount of $475.00

James C. Francis IV., USMJ