UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
BWP MEDIA USA INC. d/b/a          : 13 Civ. 7871 (JSR) (JCF)
PACIFIC COAST NEWS,               :
                                  :         REPORT AND
             Plaintiff,           :     RECOMMENDATION
                                  :
    - against -                   :
                                  :
UROPA MEDIA, INC.,                :
                                  :
             Defendant.           :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE JED S. RAKOFF, U.S.D.J:

     The plaintiff, BWP Media USA Inc. d/b/a Pacific Coast News
("BWP"), brought this action for copyright infringement, alleging
that the defendant, Uropa Media, Inc. ("Uropa"), displayed BWP's
photographs without authorization on its website, www.thebosh.com.

     Following entry of default judgment for the plaintiff, the
case was referred to me for an inquest on damages, and a hearing
was held on March 21, 2014.  Although notice of the hearing was
sent to Uropa's last known address, the defendant did not appear.
The findings below are therefore based on the evidence presented at
the hearing and on the information submitted by the plaintiff
together with its Proposed Findings of Fact and Conclusions of Law
("Proposed Findings").  The Court has subject-matter jurisdiction
over claims for copyright infringement pursuant to 28 U.S.C. § 1338
as well as federal question jurisdiction under 28 U.S.C. § 1331.

1

Background

Photographs of Lindsay Lohan were taken on the set of "Scary Movie 5" on September 12, 2012, and the plaintiff registered them with the Copyright Office on October 30, 2012. (Affidavit of Paul Harris in Support of Motion for Default Judgment dated March 15, 2014 ("Harris Aff."), ¶¶ 3, 4). The photographs were registered as part of a larger set, with the copyright registration noting that the publication dates ranged from September 5 to September 12, 2012. (Copyright Registration No. VA0001836330 ("Copyright Registration"), attached as Exh. A to Further Supplemental Declaration of Craig B. Sanders in Support of Plaintiff's Motion for Default Judgment). On September 14, 2012, the defendant posted these photographs on its website without BWP's permission. (Harris Aff., ¶ 5). Accordingly, on November 5, 2013, BWP filed a complaint against Uropa, alleging direct, contributory, and vicarious copyright infringement, as well as inducement of infringement; it sought damages, an injunction, attorneys' fees, and costs. (Complaint). The summons and complaint were served on Uropa on December 16, 2013, but Uropa did not file an answer or otherwise respond. As a result, BWP moved for an entry of default on January 16, 2014 (Notice of Motion for Entry of Default Pursuant to FRCP 55(a)), which was granted on January 27, 2014. (Order of Entry of Default Pursuant to FRCP 55(a)).

Discussion

    A. <u>Liability</u>

    Following a default, all factual allegations of the complaint, except those relating to damages, must be accepted as true. <u>Cotton v. Slone</u>, 4 F.3d 176, 181 (2d Cir. 1993); <u>Gucci America, Inc. v. MyReplicaHandbag.com</u>, No. 07 Civ. 2438, 2008 WL 512789, at *1 (S.D.N.Y. Feb. 26, 2008) (citing <u>Au Bon Pain Corp. v. Artect, Inc.</u>, 653 F.2d 61, 65 (2d Cir. 1981)).  In connection with this inquest, BWP has only requested damages on its claim of direct infringement. (Proposed Findings at 3, ¶¶ 2-3).[1]

    In order to establish a copyright violation, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." <u>Feist Publications, Inc. v. Rural Telephone Service Co.</u>, 499 U.S. 340, 361 (1991); <u>accord</u> <u>Jorgensen v. Epic/Sony Records</u>, 351 F.3d 46, 51 (2d Cir. 2003).  BWP holds registered copyrights in the six photographs at issue. (Harris Aff., ¶ 4).  BWP has also established unauthorized copying by Uropa, since Uropa posted the photographs to its website even though it had not received permission from BWP. (Harris Aff., ¶ 5).  A copyright owner has the exclusive right "to display the copyrighted work publicly."  17 U.S.C. § 106(5).  By

---

[1] I refer here to the page numbers generated by the Electronic Court Filing system.

posting BWP's copyrighted photographs on its website, Uropa directly infringed BWP's rights. See Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1160 (9th Cir. 2007) ("[A] person displays a photographic image by using a computer to fill a computer screen with a copy of the photographic image fixed in the computer's memory."). Because BWP sufficiently alleged ownership of valid copyrights and copying of its original works, BWP has established Uropa's liability for copyright infringement as a matter of law.

B. Damages

BWP alleges that Uropa infringed six of its copyrighted photographs, and requests $3,000 in statutory damages for each infringed image for a total of $18,000. (Proposed Findings at 2, ¶¶ 8-9 & at 3, ¶ 3). Provided that the work was registered prior to the infringement or within the first three months after publication, 17 U.S.C. § 412, a copyright owner may choose to recover statutory damages instead of actual damages. 17 U.S.C. § 504(c)(1). Here, as evidenced by the Copyright Registration, the photographs were taken and published on September 12, 2012. (Harris Aff., ¶ 3; Copyright Registration); see also Valdez v. Laffey Associates, No. 07-CV-4566, 2010 WL 1221404, at *3 (E.D.N.Y. March 26, 2010) ("A certificate of registration from the U.S. Copyright Office is prima facie evidence of the facts stated

4

therein."). The defendants posted the photographs to their website two days later, on September 14, 2012. (Harris Aff., ¶ 5). The photographs were registered six weeks later, well within the three month grace period provided by § 412. (Harris Aff., ¶ 4; Copyright Registration).

A statutory damages award may range from $750 to $30,000 for each infringement, based on what the court considers to be just. Id. The court may increase the amount upon a finding of willfulness to $150,000 per infringement, or decrease the amount to $200 per infringement if it finds the "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." 17 U.S.C. § 504(c)(2). Thus, the court has wide discretion in determining an award of statutory damages.

The requested award of $3,000 per image is clearly within the lawful range, and, indeed, near the lower end. BWP has shown that this represents three times the amount of the licensing fee for each image. (Harris Aff., ¶ 6; Inquest Exh. A). In determining an award of statutory damages, a court may consider a variety of factors, including "the deterrent effect on the infringer and third parties" and "the revenue lost by the copyright holder." Bryant v. Media Right Productions, 603 F.3d 135, 144 (2d Cir. 2010). In determining a copyright owner's lost revenue, a court may take into

account unpaid licensing fees.  See On Davis v. The Gap, Inc., 246 F.3d 152, 166 (2d Cir. 2001).  Considering these factors, it is appropriate to treble the actual damages and award BWP a total of $18,000 -- $3,000 for each copyrighted image.

C. Attorneys' Fees and Costs

BWP also seeks $6,992.50 in attorneys' fees.  (Proposed Findings at 5, ¶ 2).  The Copyright Act authorizes an award of full costs, including a "reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505.  As is the case with statutory damages, an award of attorneys' fees is only proper if the work was registered prior to the infringement or if the work was registered within three months after initial publication.  17 U.S.C. § 412.

An attorneys' fees award should be based on the court's determination of a "presumptively reasonable fee."  Sandoval v. Materia Brothers Inc., No. 11 Civ. 4250, 2013 WL 1767748, at *3 (S.D.N.Y. March 5, 2013) (citing Arbor Hill Concerned Citizens Neighborhood Assocation v. County of Albany, 522 F.3d 182, 189-90 (2d Cir. 2008)).  This begins with calculating the "lodestar" by multiplying "a reasonable hourly rate by the reasonable number of hours expended on the case."  Id.; see Millea v. Metro-North Railroad Co., 658 F.3d 154, 166 (2d Cir. 2011).

1. Reasonable Rates

Determining a reasonable hourly rate involves "a case-specific

inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel [, which] may . . . include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." See Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005). The hourly rates must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Reiter v. MTA New York City Transit Authority, 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original) (internal quotation marks omitted); see also Simmons v. New York City Transit Authority, 575 F.3d 170, 174 (2d Cir. 2009). The relevant community in this case is the Southern District of New York. Arbor Hill, 522 F.3d at 190.

Craig B. Sanders, a founding partner of Sanders Law, P.L.L.C., seeks fees at the rate of $525 per hour. (Proposed Findings at 2, ¶ 11). Mr. Sanders has over twenty years of experience, primarily in civil litigation. (Affidavit of Craig B. Sanders in Support of Plaintiff's Motion for Default Judgment dated Feb. 2014 ("Sanders Aff."), ¶ 14). One of the specialities of Sanders Law is copyright infringement litigation. (Sanders Aff., ¶ 17). Melissa A. Pirillo, another partner at Sanders Law, has been practicing law for nine years and seeks fees at the rate of $450 per hour. (Sanders Aff., ¶ 16; Proposed Findings at 3, ¶ 13). Both Mr.

Sanders' and Ms. Pirillo's claimed hourly rates are reasonable in light of their experience. See Lucerne Textiles, Inc. v. H.C.T. Textiles Co., No. 12 Civ. 5456, 2013 WL 174226, at *6 (S.D.N.Y. Jan. 17, 2013) (determining that hourly rates ranging from $475 to $530 per hour were reasonable for partners with over twenty-five years of copyright experience and collecting cases); Pyatt v. Raymond, No. 10 Civ. 8764, 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (citing cases approving hourly rates ranging from $400 to $650 in intellectual property cases and collecting cases). Furthermore, a judge of this Court determined earlier this year that Mr. Sanders' experience justifies a rate of $525 per hour. National Photo Group, LLC v. Bigstar Entertainment, Inc., No. 13 Civ. 5467, 2014 WL 1396543, at *5 (S.D.N.Y. April 11, 2014).

Carissa M. Peebles, an associate at Sanders Law, has been practicing law for three years and is only admitted to practice in Florida, though her admission to the New York Bar is currently pending. (Sanders Aff., ¶ 15). Ms. Peebles seeks fees at the rate of $400 per hour. (Proposed Findings at 2, ¶ 12). This rate appears high for a third-year associate, especially considering that there is no representation that she has special expertise in copyright litigation. See U.S.A. Famous Original Ray's Licensing Corp. v. Famous Ray's Pizza Buffet Inc., No. 12 Civ. 8753, 2013 WL 5363777, at *7-8 (S.D.N.Y. Sept. 26, 2013) (reducing hourly rate

8

for associate with ten years of experience to $225 per hour); <u>Grand Fia Inc. v. Hakakin</u>, No. 11 Civ. 2578, 2012 WL 3578175, at *3, *9 (S.D.N.Y. Aug. 13, 2012) (finding rate of $200 per hour appropriate for junior associate in intellectual property litigation); <u>Harley v. Nesby</u>, No. 08 Civ. 5791, 2012 WL 1537881, at *10 (S.D.N.Y. May 2, 2012) (approving rate of $265 per hour for mid-level associate who had practicing law for five to six years). Considering rates awarded to attorneys with commensurate experience, Ms. Peebles' work should be compensated at an hourly rate of $200.

2. <u>Reasonable Hours</u>

Counsel have submitted contemporaneous time records, as required in this Circuit. <u>See</u> <u>New York State Assocation for Retarded Children, Inc. v. Carey</u>, 711 F.2d 1136, 1148 (2d Cir. 1983). The law is clear that in reviewing a fee application, the court "should exclude excessive, redundant or otherwise unnecessary hours." <u>Quaratino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir. 1999) (citing <u>Hensley v. Eckerhart</u>, 416 U.S. 424, 433-35 (1983)). The number of hours billed is reasonable. Sanders Law billed just over 14 hours for its work, which included reviewing the case, preparing the relevant documents, and attending the pretrial conference and default hearing. (Billing Statement, attached as Exh. A to Proposed Findings). Accordingly, adjusting for the lower rate for Ms. Peebles, I recommend that Sanders Law be awarded

$6,732.50 in attorneys' fees.

### 3. Costs

Finally, BWP requests costs in the amount of $475, representing a $400 filing fee and $75 for the cost of service of process.   (Proposed Findings at 3, ¶ 14).   However, no documentation has been provided in support of these expenses. Where counsel fail to proffer documentation, a court may either reduce the amount claimed or decline to award costs altogether. See Zimmerman v. Portfolio Recovery Associates, No. 09 Civ. 4602, 2013 WL 6508813, at *13 (S.D.N.Y. Dec. 12, 2013).   I will take judicial notice of the filing fee, but the Proof of Service form was left blank where it calls for the process server's fee (Docket no. 3 at 1, 2), and no other evidence has been proffered.   The award of costs should therefore be limited to $400.

### Conclusion

For the reasons set forth above, I recommend that the plaintiff be awarded damages for copyright infringement in the amount of $18,000.00, attorneys' fees of $6,732.50, and costs of $400, for a total of $25,132.50.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.   Such objections shall be filed

with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, Room 1340 and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.   Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           May 16, 2014

Copies mailed this date to:

Craig B. Sanders, Esq.
Melissa A. Perillo, Esq.
Karishma Patel, Esq.
Sanders Law, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530

Uropa Media, Inc.
244 Fifth Ave., Suite A252
New York, NY 10001